22-2755-cr
United States v. Sylvester

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-four.

PRESENT:  BARRINGTON D. PARKER,
           RAYMOND J. LOHIER, JR.,
           MICHAEL H. PARK,
               *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

      *Appellee*,

      v.                               No. 22-2755-cr

JAKEEM SYLVESTER,

      *Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:      KENDRA L. HUTCHINSON,
                                    Federal Defenders of New
                                    York, New York, NY

FOR APPELLEE:                          MICHAEL D. MAIMIN (Jennifer
                                       N. Ong *on the brief*), Assistant
                                       United States Attorneys, *for*
                                       Damian Williams, United
                                       States Attorney for the
                                       Southern District of New York,
                                       New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED and the case is REMANDED for further proceedings.

Jakeem Sylvester appeals from an October 19, 2022 judgment of the United States District Court for the Southern District of New York (Karas, *J.*) convicting him of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentencing him principally to a term of imprisonment of 42 months. Sylvester challenges the procedural reasonableness of his sentence, arguing that the District Court improperly determined that his previous convictions under New York Penal Law § 220.16(1) were "controlled substance offenses," which yielded a higher base offense level of 24 under § 2K2.1(a)(2) of the United States Sentencing Guidelines.   We assume the parties' familiarity with the underlying

2

facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

We apply the "categorical approach" to determine if a state-law drug offense is a "controlled substance offense" under the Sentencing Guidelines. *United States v. Chaires*, 88 F.4th 172, 177 (2d Cir. 2023). "Under the categorical approach, courts identify the minimum criminal conduct necessary for conviction under a particular statute by looking only to the statutory definitions – i.e., the elements – of the offense, and not to the particular underlying facts." *United States v. Minter*, 80 F.4th 406, 409 (2d Cir. 2023) (quotation marks omitted). Accordingly, for a state drug offense to be a "controlled substance offense" under the Sentencing Guidelines, "the state law must criminalize only those substances that are criminalized under federal law." *United States v. Townsend*, 897 F.3d 66, 74 (2d Cir. 2018). Because the New York drug offense of which Sylvester was convicted refers to "narcotic drug[s]," which are defined by the substances listed in New York's Schedules I(b), I(c), II(b), and II(c), we compare those schedules to the federal controlled substance schedules. N.Y. Penal Law §§ 220.00(7), 220.16(1). We review the District Court's determination that Sylvester's prior offenses were controlled substances offenses under the

Sentencing Guidelines *de novo*.   *Townsend,* 897 F.3d at 69.

Sylvester identifies one substance and a separate class of substances that, he says, are not controlled federally but are "narcotic drug[s]" under New York law: naloxegol and constitutional isomers of cocaine.   In *Minter*, we held that New York controls constitutional isomers of cocaine, while the federal Government does not.   80 F.4th at 410–11.   And in *United States v. Gibson*, 55 F.4th 153, 160 (2d Cir. 2022) (*Gibson I*), we reached the same conclusion with respect to naloxegol.   *See also United States v. Gibson*, 60 F.4th 720, 723 (2d Cir. 2023) (*Gibson II*).   We therefore agree with Sylvester that his prior convictions are not controlled substance offenses under the Sentencing Guidelines.

The Government argues that the holding in *Gibson I* that New York controls naloxegol is not the law of the Circuit.   We rejected that argument in *Gibson II*.   *See* 60 F.4th at 723; *see also United States v. Johnson*, No. 19-4071-cr, 2023 WL 4752305, at *2 (2d Cir. July 26, 2023).   Moreover, our decision in *Minter* would still compel us to conclude that Sylvester was not convicted of a controlled substance offense.   The Government concedes as much.   We therefore remand for resentencing.

The Government alternatively moves to certify two questions to the New

4

York Court of Appeals, suggesting that our decisions "are not the final word on the meaning of New York's state laws." Mot. to Certify 5. It's true that our decision to vacate Sylvester's sentence rests in part on interpretations of New York law, but we are already bound by precedential opinions interpreting that law. We accordingly deny the Government's motion. We note, however, that our "decision on a question of State law, of course, in no way prevents the courts of the State, especially the highest court, from reaching their own decision when the question is eventually presented to them." *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 82 (2d Cir. 2021).

We have considered the Government's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is VACATED and the case is REMANDED for further proceedings. The Government's motion to certify questions to the New York Court of Appeals is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court